IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERMEY JERMAL BONNER, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-2068-M-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Jermey Jermal Bonner, a federal prisoner, has filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This resulting civil action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the following reasons, the Court should deny Bonner's Section 2255 motion.

**Applicable Background**

In 2014, Bonner pleaded guilty to and was convicted of two counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (the "Hobbs Act robbery" counts), and two, associated counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of, respectively, 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(1)(C)(i), and he was sentenced to an aggregate

term of 384 months and 1 day of imprisonment – 1 day for each Hobbs Act robbery, both sentences to run concurrently; 84 months for the first Section 924(c) conviction, to run concurrently with the Hobbs-Act robbery sentences; and 300 months for the second Section 924(c) conviction, to run consecutive to the first three sentences. *See United States v. Bonner*, No. 3:14-cr-32-M (01) (N.D. Tex.). There was no direct appeal. And this Section 2255 action, Bonner's first, was filed no sooner than June 20, 2016, the date Bonner declares he placed the motion in the prison-mailing system.

Bonner's sole claim for relief is that, under *Johnson v. United States*, 576 U.S. ____, 135 S. Ct. 2551 (2015), his Section 924(c) convictions should be vacated because Hobbs Act robbery, the underlying "crime of violence" supporting each conviction, is no longer a "crime of violence." *See* Dkt. No. 1 at 4. The government has filed a response opposing relief, *see* Dkt. No. 5, and Bonner has filed a reply brief, *see* Dkt. No. 6.

**Legal Standards and Analysis**

In *Johnson*, the Supreme Court of the United States held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause then defined a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),]* in cases on collateral review." *Welch v. United States*, 578 U.S. ____, 136 S. Ct. 1257, 1265 (2016).

As set out above, Bonner did not receive an increased sentence under the ACCA's residual clause. He instead challenges, under *Johnson*, his Section 924(c) convictions. But the definition of "violent felony" under the ACCA's residual clause is substantially different than the definition of "crime of violence" used in Section 924(c). *See* 18 U.S.C. § 924(c)(3) (defining "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").

And that definition is identical to the definition of "crime of violence" in 18 U.S.C. § 16(b), a provision that the United States Court of Appeals for the Fifth Circuit has held "is not unconstitutionally vague" in light of *Johnson*. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc); *see* 18 U.S.C. § 16(b) ("The term 'crime of violence' means – (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."); *see also United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017) ("Jones's argument that § 924(c)(3)(B) is unconstitutionally vague under *Johnson* is foreclosed by our en banc decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016). In *Gonzalez-Longoria*, we held that the definition of 'crime of violence' found in 18 U.S.C. § 16(b) remains constitutional in

the aftermath of Johnson. *Gonzalez-Longoria*, 831 F.3d at 675-77. The definition of 'crime of violence' found in § 16(b) is identical to the definition found in § 924(c)(3)(B); therefore, the definition of 'crime of violence' under § 924(c)(3)(B) is not unconstitutionally vague. *See United States v. Chapman*, 851 F.3d 363, 374-75 (5th Cir. 2017)."); *but see Sessions v. Dimaya*, No. 15-1498, 137 S. Ct. 31 (2016) (granting certiorari review to decide whether Section 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague).

Even if this Court were to determine that *Johnson*'s invalidation of the ACCA's residual clause should be extended to Section 924(c)(3)(B), such an extension would not benefit Bonner because his underlying "crime of violence" – Hobbs Act robbery, in which the statutory definition of "robbery" is "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining," 18 U.S.C. § 1951(b) – does "not contain language similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson*, and so *Johnson* has no bearing on" that offense, *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) ("[T]he bank robbery and conspiracy to obstruct interstate commerce by robbery statutes that Lott was convicted under do not contain language similar to the provision that the Supreme Court found unconstitutionally vague in

*Johnson*, *compare Johnson*, 135 S. Ct. at 2555-57, *with* 18 U.S.C. § 2113(a) (bank robbery), *and* 18 U.S.C. § 1951 (conspiracy to obstruct interstate commerce by robbery), and so *Johnson* has no bearing on them.").

Indeed, the definition of a Hobbs Act robbery fits under Section 924(c)'s force clause, not its residual clause. *See United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) ("Hobbs Act robbery is a 'crime of violence' within the meaning of § 923(c)(3)(A). In so holding, we join the unbroken consensus of other circuits to have resolved this question. And because Hobbs Act robbery is a crime of violence under § 924(c)(3)'s elements clause, it was a valid predicate for [the] § 924(c)(1)(A)(iii) conviction." (citations omitted)); *accord United States v. Hill*, 832 F.3d 135, 140-44 (2d Cir. 2016); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016) (per curiam); *In re St. Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) (per curiam); *see also United States v. Reed*, 187 F. Supp. 3d 743, 748-49 (W.D. La. 2016) ("Many other courts to reach the issue have found that Hobbs Act robbery falls within the force clause as well." (collecting cases)); *cf. United States v. Robinson*, 844 F.3d 137, 141-44 (3d Cir. 2016) (holding that there the Hobbs Act robbery conviction was a "crime of violence" for purposes of Section 924(c) where the two crimes were, like here, committed contemporaneously).

For these reasons, Bonner's sole claim for relief should be denied.

**Recommendation**

The Court should deny the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 27, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE